VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-363

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

Brandy Mead v. Tyler Mead\*

}   APPEALED FROM:
}   Superior Court, Chittenden Unit,
}   Family Division
}   CASE NO. 22-DM-01908
    Trial Judge: Barry D. Peterson, Specially
    Assigned

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order.  On appeal, he argues that several of the court's findings are not supported by the evidence, the court's division of marital property was unjust, witnesses were excluded at trial, and wife misrepresented her ability to pay husband for his portion of the marital home.  We affirm.

The court found the following.  The parties were married in December 2015 and separated in January 2022.  They have two children.  Wife earns $31,829.49 annually through direct wages and tips.  Husband is paid $800 a week, or $41,600 annually.  Although the court credited wife's assertion that husband earns extra cash amounts, it was not able to determine this figure.  The marital property has an appraised value of $335,000 with equity of $67,000.  The parties also owned a 2014 Honda, a camper, tools, ride-on lawn mower, many pairs of sneakers, and several bottles of liquor.  The court found that husband was mistakenly removed from the parties' health insurance and remained uninsured at the time of the final hearing.

The court considered the statutory factors and determined that on the whole they did not favor one party over the other.  Both were in reasonably good health, they both were employed, neither contributed to the education, training, or increased earning power of the other, they had a relatively equal ability to acquire future wealth, they each contributed to the acquisition of martial property, and neither party was more at fault for the disintegration of the marriage.  The court consequently divided the property roughly equally.  It awarded wife the marital home and ordered her to pay husband for his share of the equity.  The court divided the remaining property items between the parties.  Husband appeals.

On appeal, husband first argues that several of the court's findings are not supported by the evidence.  "We review a family court's property distribution in a divorce proceeding for

abuse of discretion." Casavant v. Allen, 2016 VT 89, ¶ 12, 202 Vt. 606. "When findings are attacked on appeal, our role is limited to determining whether they are supported by credible evidence." Id. ¶ 21 (quotation omitted). Husband claims that the evidence did not support the court's findings that (1) husband earned extra money under the table, and (2) husband was in good health. There was no error. As to husband's income, this finding was derived from wife's testimony that husband earned extra cash each week in excess of his official pay. It was up to the trial court to assess the credibility of the witnesses, and it acted within its discretion in relying on wife's testimony. As to husband's health, the court found that "both parties are in reasonably good health." On appeal, husband claims that the court's finding is erroneous because there was no medical testimony to support the finding. Husband has not demonstrated that he argued below that he had any health issues. See V.R.A.P. 28(a)(4)(A) (obligating appellate court to indicate how issue presented was preserved for review). Husband made no mention of any health issues in his proposed findings. Having failed to raise the issue before the family court, it is not properly preserved for our review. Bell v. Bell, 162 Vt. 192, 201 (1994) (declining to address issue not raised at trial).

Husband also asserts that the court ignored the fact that wife removed husband from the parties' health insurance. Although husband claims on appeal that wife ignored prior orders and acted in "contempt," the court found that husband was removed due to wife's mistaken belief that the parties' separation amounted to a legal separation. The court acted within its discretion in declining to find that wife acted willfully or maliciously. Therefore, the court did not err in failing to sanction wife in some way for this omission.

Husband next contends that he was deprived of his right to present relevant evidence because trial counsel's "unavailability was cited as grounds to deny witnesses." Husband does not explain how this issue was preserved below. He also does not provide a proffer of which witnesses he was prevented from calling or how their testimony would have impacted the court's decision.

Husband generally asserts that the court's division of property was unfair, claiming that the items assigned to him were less valuable than those given to wife. Property division is not "an exact science," and the family court has "broad discretion" to effectuate an equitable distribution of the marital property. Kasser v. Kasser, 2006 VT 2, ¶ 30, 179 Vt. 259. "The party claiming an abuse of discretion bears the burden of showing that the trial court failed to carry out its duties." Id. Here, the court considered the statutory factors, found that the factors did not favor either party, and made a roughly equal division of the property based on that assessment. The parties' main asset was the marital home, and the court awarded it to wife, but ordered her to pay husband for his share of the equity in that asset. The court then divided the remaining property between the parties, granting wife her vehicle, a camper, and two firearms, and giving husband the remaining guns, the gun safe, a ride-on lawnmower, a duck boat, two kayaks, and a woodstove that belonged to his father. Many of the items assigned to husband were specifically requested by him in his proposed findings. Given the court's findings that wife's vehicle needed significant repairs to pass inspection and that the camper had little value, the division of property was reasonable.

Finally, husband asserts that wife committed fraudulent conduct by representing at the final hearing that she would pay husband for his portion of the equity in the marital home when he claims that since the final decision, wife has not provided that payment. The record in this

appeal is limited to the documents and evidence presented to the trial court.  V.R.A.P. 10(a). Therefore, we do not consider this argument, which is based on allegations outside the record.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice